■ TURNKEY PROPOSALS, INC., Respondent, v ALLAN V. ROSE et al., Appellants.—In an action to recover damages for breach of contract, defendants appeal from a judgment of the Supreme Court, Nassau County, entered July 13, 1976, which is in favor of plaintiff and against them, after a nonjury trial. Judgment modified, on the law, by: (1) deleting from the first decretal paragraph thereof the sum "$427,610.50" and substituting therefor the sum "$425,663.40"; and (2) deleting the interest provision on the award on the first cause of action and the total award on such cause of action. As so modified, judgment affirmed, without costs or disbursements, and action remanded to Trial Term for the recomputation of interest in accordance herewith and for the entry of an appropriate amended judgment. As in *Bradkin v Leverton* (26 NY2d 192, 197), "the defendant received a benefit from the plaintiff's services under circumstances which, in justice, preclude him from denying an obligation to pay for them." Moreover, it is clear that the companies involved in the various Turnkey projects had no clear-cut lines of demarcation between them and were used by the individual defendant as his alter ego. Thus, equity mandates that the corporate veil be pierced (see e.g., *Labor Relations Bd. v Deena Artware,* 361 US 398, 402–404; *Berkey v Third Ave. Ry. Co.,* 244 NY 84, 95; cf. *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652). The evidence supports the trial court's finding that the agreement provided for a fee in the sum of 5% of the selling prices of the Herkimer and Albany projects, as well as the findings that there was no oral partnership agreement, and that plaintiff-respondent did not breach its contract. Furthermore, even if recovery were to be based upon *quantum meruit,* since there was substantial performance on the part of plaintiff, the proper measure of damages would still be the contract price (see 50 N.Y. Jur., Restitution, § 109). Where it is possible to ascertain with precision the date on which the cause of action accrued, interest should be computed from that date (CPLR 5001, subd [b]). Accordingly, the interest on the payments from the Albany project should have been computed from the actual dates of the payments of moneys to the defendant, such dates being February 7, 1973, May 2, 1973, August 23, 1973, October 4, 1973, May 17,

1974 and August 22, 1974. Trial Term erred in including the $47,000 not actually received by defendants in the amount upon which plaintiff's fee was based. Accordingly, we have reduced the principal amount of the recovery upon the first cause of action to the sum of $425,663.40. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.